UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

GLORIA POLLACK,

                                                  Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK, and KINGSBOROUGH COMMUNITY COLLEGE,

                                                  Defendants.

**DEFENDANTS CITY UNIVERSITY OF NEW YORK AND KINGSBOROUGH COMMUNITY COLLEGE'S ANSWER TO THE COMPLAINT**

No. 24-CV-7100 (OEM) (LKE)

------------------------------------------------------------------------- X

        Defendants The City University of New York ("CUNY") and Kingsborough Community College ("KCC"), by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, hereby submit their Answer to Plaintiff's Complaint, dated October 8, 2024, and respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff filed what purports to be a complaint with the New York State Division of Human Rights ("NYSDHR") on March 23, 2024, and the NYSDHR issued a Determination and Order of Dismissal for Administrative Convenience dated May 20, 2024, and respectfully refer the Court to these documents for a complete and accurate statement their its contents.

        4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the New York City Comptroller received what purports to be a Notice of Claim filed by

Plaintiff on or about May 15, 2024, and the Notice of Claim has not been resolved as of the date of this Answer.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff filed what purports to be a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 28, 2024 which CUNY received on June 10, 2024, and respectfully refer the Court to the Charge of Discrimination for a complete and accurate statement of its contents.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the EEOC issued a Right to Sue letter dated July 25, 2024, and respectfully refer the Court to the Letter for a complete and accurate statement of its contents. To the extent paragraph "6" sets forth conclusions of law, no response is required.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to invoke the supplemental jurisdiction of the Court as set forth therein.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Plaintiff purports to base venue as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit upon information and belief and based on employment-related records maintained by Defendants that Plaintiff purports to identify as female, Jewish, and over the age of 40, and that she is employed by CUNY as a professor at KCC which is located in Kings County.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that KCC is one of the constituent colleges in the CUNY system and is not a legally cognizable entity separate and apart from CUNY and cannot be separately sued. To the extent paragraph "11" set forth conclusions of law, no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that KCC is part of CUNY and is located in Brooklyn, New York..

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff has been employed by CUNY since 1994 and that she holds various post-graduate degrees.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff served as General Education Coordinator for the Middle States Review and as Faculty Assessment Liaison for the Department of World Languages and Cultures.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, and respectfully refer the Court to CUNY's policy of Reasonable Accommodations for a complete and accurate statement of its contents.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that KCC's HR Executive Director requested additional supporting medical information from Plaintiff on January 24, 2024, and Plaintiff submitted a response on February 1, 2024.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that Plaintiff's request for an accommodation was denied on February 22, 2024.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff submitted a request for an accommodation, which was denied.

24. Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

25. Deny the allegations set forth in paragraph "25" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

26. Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to the documents referenced therein for a complete and accurate statement of their contents.

27. Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents

28. Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the documents for a complete and accurate statement of their contents.

29. Deny the allegations set forth in paragraph "29" of the Complaint, and respectfully refer the Court to CUNY's policy of Reasonable Accommodations for a complete and accurate statement of its contents.

30. Deny the allegations set forth in paragraph "30" of the Complaint, and respectfully refer the Court to CUNY's policy of Reasonable Accommodations for a complete and accurate statement of its contents.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff was denied an appeal of the denial of her reasonable accommodation.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit that the Department of World Languages and Cultures was discontinued by the CUNY Board of Trustees by Resolution on June 3, 2024, and Plaintiff was thereafter transferred to the Department of Communication and Performing Arts.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit that Scott Cally was appointed to serve as the Interim-Chair of the Department of World Languages and Cultures after the prior Chair retired.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, and respectfully refer the Court to KCC's bylaws for a complete and accurate statement of their contents.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, and respectfully refer the Court to KCC's bylaws for a complete and accurate statement of their contents.

60. Deny the allegations set forth in paragraph "60" of the Complaint, and respectfully refer the Court to KCC's bylaws for a complete and accurate statement of their contents.

61. Deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to KCC's bylaws for a complete and accurate statement of their contents.

62. Deny the allegations set forth in paragraph "62" of the Complaint, and respectfully refer the Court to KCC's bylaws for a complete and accurate statement of their contents.

63. Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

64. Deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to CUNY's Manual of General Policy for a complete and accurate statement of its contents.

65. Deny the allegations set forth in paragraph "65" of the Complaint, and respectfully refer the Court to CUNY's Manual of General Policy for a complete and accurate statement of its contents

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

71. Deny allegations set forth in paragraph "71" of the Complaint, and respectfully refer the Court to the document referenced therein for a complete and accurate statement of its contents.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint, except admit that Scott Cally was appointed the Interim-Chair of the World Languages and Cultures Department.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that Scott Cally was appointed the Interim-Chair of the World Languages and Cultures Department.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that Scott Cally was appointed the Interim-Chair of the World Languages and Cultures Department.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. In response to the allegations set forth in paragraph "101" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. In response to the allegations set forth in paragraph "105" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. In response to the allegations set forth in paragraph "109" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. In response to the allegations set forth in paragraph "113" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. In response to the allegations set forth in paragraph "116" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer as if fully set forth herein.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

119. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

120. Defendants' actions were reasonable, proper, lawful, constitutional, and taken in good faith and without malice, in accord with the Constitution and all applicable laws, bylaws, rules, and regulations of the United States and the State and City of New York.

**AS AND FOR A THIRD DEFENSE**

121. Plaintiff cannot recover punitive damages against Defendants.

**AS AND FOR A FOURTH DEFENSE**

122. Defendants established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices in its facilities, of which Plaintiff failed to avail herself.

### **AS AND FOR A FIFTH DEFENSE**

123. Plaintiff's damages were caused in whole or in part by her own culpable conduct.

### **AS AND FOR A SIXTH DEFENSE**

124. To the extent any misconduct was reported, defendants exercised reasonable care to prevent and/or promptly correct such conduct.

### **AS AND FOR A SEVENTH DEFENSE**

125. The Complaint may be barred in whole or in part by the applicable statutes of limitations.

### **AS AND FOR AN EIGHTH DEFENSE**

126. Subject to discovery, Plaintiff failed to mitigate her alleged damages.

**WHEREFORE**, Defendants respectfully request that this Court enter an order and judgment dismissing the Complaint in its entirety, denying all relief requested, entering judgment for Defendants, and granting Defendants costs, fees, and expenses, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 17, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, 2-109(b)

New York, New York 10007
(212) 356-2286


By: /s/ Brandon Weisman

        Brandon Weisman
     Assistant Corporation Counsel